# RECORD IMPOUNDED

## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2924-24

STATE OF NEW JERSEY
IN THE INTEREST OF
J.D.,[1] a juvenile.

_____

Submitted April 29, 2026 – Decided July 16, 2026

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FJ-12-0465-21.

Jennifer N. Sellitti, Public Defender, attorney for appellant J.D. (Michael Denny, Assistant Deputy Public Defender, of counsel and on the brief).

Linda Estremera, Middlesex County Prosecutor, attorney for respondent State of New Jersey (Hudson E. Knight, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

---

[1] We use initials to protect the victim's privacy. R. 1:38-3(d)(12).

Appellant J.D. appeals the Family Part's October 21, 2022 decision adjudicating him delinquent for two counts of first-degree aggravated sexual assault, N.J.S.A 2C:14-2(a)(7). J.D. contends the trial court abused its discretion in finding victim C.M. credible and relying upon his testimony to adjudicate J.D. delinquent. We discern no abuse of discretion and affirm.

We incorporate the facts set forth in our prior opinion, In re J.D., No. A-1022-22 (App. Div. Jan. 21, 2025) (slip op. at 2-9), and recount only the salient facts informing our disposition of the limited issue on appeal.

In February 2020, Sergeant Julissa Alvarado, a detective in the Special Victims Unit of the Middlesex County Prosecutor's Office, received a call from C.M. inquiring if she was interested in hearing "about a 28 year old crime." During the subsequent interview with C.M., he stated J.D. sexually assaulted him on two separate occasions during his sophomore year of high school, nearly thirty years prior. A juvenile delinquency complaint was filed in April 2021, charging J.D. with two counts of aggravated sexual assault.

During the March 2022 bench trial, C.M. testified J.D. had performed oral sex on him without his consent while he was asleep in J.D.'s basement after attending a high school football game together. C.M. stated a second sexual assault occurred several weeks later, when he and his friend M.Z. slept over

A-2924-24

J.D.'s house.  C.M. testified he felt comfortable returning to J.D.'s house because M.Z. was with him.  However, when C.M. awoke during the night, he noticed M.Z. was no longer in the basement with him and J.D.  C.M. fell asleep again but was awakened when he felt J.D. "trying to anally penetrate [him]."

On May 20, 2022, the court found J.D. guilty of both counts of aggravated sexual assault and sentenced him to concurrent four-year custodial terms and a registration requirement pursuant to Megan's Law, N.J.S.A. 2C:7-2.

J.D. appealed the convictions, arguing several issues, including the court erred in (1) precluding a statement made by C.M. to the police without making sufficient inquiry into the potential relevancy of the statement and (2) finding C.M.'s testimony credible.  We affirmed in part and remanded the case for further inquiry into the evidentiary issue but declined to "address the issue of C.M.'s credibility" due to the remand.

On remand, the trial court determined "based upon its in camera review that the statement [at issue] by C.M. . . . [bore] absolutely no relevance to J.D.'s prosecution in the within matter."

In this second appeal, defendant raises the credibility issue again for our consideration:

> C.M.'S TESTIMONY WAS NOT CREDIBLE, AND
> THE COURT ABUSED ITS DISCRETION IN

3

ADJUDICATING J.D. DELINQUENT BASED SOLE[L]Y ON HIS TESTIMONY, WHICH WAS THE STATE'S ONLY EVIDENCE.

Our review of juvenile delinquency adjudications is "extremely narrow" as "[w]e must give deference to those findings of the trial judge which are substantially influenced by his or her opportunity to hear and see the witnesses and have the 'feel' of the case, which we do not enjoy upon appellate review." State in the Int. of S.B., 333 N.J. Super. 236, 241 (App. Div. 2000). Accordingly, our review "is limited to evaluation of whether the trial judge's findings are supported by substantial, credible evidence in the record as a whole." State in the Int. of D.M., 238 N.J. 2, 15 (2019) (quoting State in the Int. of J.P.F., 368 N.J. Super. 24, 31 (App. Div. 2004)).

"If we are satisfied that the findings and result meet this criterion, our task is complete, and we may not disturb the result, even though we may feel we may have reached a different conclusion." Ibid. (quoting S.B., 333 N.J. Super. at 241). This court is not to engage in an independent assessment of the evidence proffered at trial as if it "were the court of first instance." State v. Johnson, 42 N.J. 146, 161 (1964).

Applying this deferential standard, we are satisfied the trial court's findings are supported by substantial, credible evidence in the record. The court

A-2924-24

heard C.M.'s testimony and observed and considered his mannerisms, body language, reactions, and other indicators relevant to the credibility of his statements. The court detailed its reasons for finding C.M. credible in its cogent oral decision, stating:

> While understandable the exact details of every circumstance surrounding the two incidents that occurred over 30 years ago might be uncertain and at times inconsistent the salient details were not. [C.M.'s] testimony bore the ring of truth when he testified to the aggravated sexual assault committed upon him by [J.D.] . . . .
>
> Further, the [c]ourt finds [C.M.]'s demeanor was calm and straightforward during his testimony and that the existence of some inconsistencies in a witness' testimony does not warrant an automatic discounting of that testimony as incredible.

As the factfinder, the trial court was given the "responsibility to consider [C.M.'s] story of recollection and to determine whether it was credible." Phillips v. Gelpke, 190 N.J. 580, 592 (2007). In doing so, the court found that he was. The court did not abuse its discretion in finding C.M.'s testimony credible and in relying upon his testimony to adjudicate J.D. delinquent.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2924-24